Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 1741 | **DATE** | 5/2/2002 |
| **CASE TITLE** | Vincent Murphy, et al vs. Commonwealth Edison Co | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ■ Status hearing set for 5/7/2002 at 9:30 A.M..

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ■ Trial set for 8/19/2002 at 9:45 A.M..

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter memorandum opinion and order. For the reasons explained, the Court denies the parties' cross motions for summary judgment [Docket #5-1 (plaintiffs' motion) and Docket #7-1 (defendant's motion)]

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | MAY 03 2002 | |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | 25 |
| | Copy to judge/magistrate judge. | | |
| TP | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

VINCENT MURPHY and WILLIAM BOSCH, )
)
Plaintiffs, )
)
v. ) Case No. 01 C 1741
)
COMMONWEALTH EDISON CO., )
)
Defendant. )

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Vincent Murphy and Larry Bosch worked for Commonwealth Edison as "Area Contract Supervisors," managing and overseeing the work of ComEd's transmission and distribution contractors. Both retired from ComEd in early 2001 and later sued, alleging that in their last year on the job, after ComEd implemented a new compensation structure, the company failed to pay them overtime wages in violation of the Fair Labor Standards Act and the Illinois Minimum Wage Law. Both sides have moved for summary judgment, which is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

The FLSA requires employers to pay their employees at least one and a half times their regular wages for any hours worked in excess of forty in a given week. 29 U.S.C. §207(a)(1). Employees "employed in a bona fide executive, administrative or professional capacity" are,



however, exempt from this overtime requirement. 29 U.S.C. §213(a)(1).[1] ComEd argues that the plaintiffs fall within both the administrative and the executive exemptions and seeks summary judgment that they are not entitled to the overtime pay they seek. For either exemption to apply, ComEd must show, among other things, that Bosch and Murphy were paid on a salary basis as defined in the FLSA's regulations. *See Piscione v. Ernst & Young, L.L.P.*, 171 F.3d 527, 533 (7th Cir. 1999) (the employer bears the burden of establishing whether an employee fits within an exemption) (citing *Corning Glass Works v. Brennan*, 417 U.S. 188, 196-97 (1974)); 29 C.F.R. §541.214(a) (setting out the requirements for the administrative exemption); 29 C.F.R. §541.119(a) (setting out the requirements for the executive exemption). The plaintiffs argue that they were hourly, not salaried, employees. They seek summary judgment that they are entitled, as a matter of law, to the overtime pay claimed in the complaint. Our resolution of the motions today turns first on whether Bosch and Murphy were paid on a salary basis.

Under the regulations, an employee is paid on a salary basis if "he regularly receives each pay period on a weekly, or less frequent basis, a predetermined amount constituting all or part of his compensation, which amount is not subject to reduction because of variations in the quality or quantity of the work performed." 29 C.F.R. §541.118(a). The record contains an abundance of evidence indicating that Bosch and Murphy were salaried employees. Murphy testified that he was paid his regular rate even if he took vacation, *see* Murphy Deposition, p. 19, and Bosch testified that, at least during the relevant time period, he never took a day off without being paid,

---

[1] The parties agree that the overtime pay exemption tests are the same under the FLSA and the IMWL. Thus although we analyze the parties' motions in the context of the FLSA and the regulations promulgated under that act, the same analysis would apply to the plaintiffs' IMWL claim.

2

*see* Bosch Deposition, p. 26. Plaintiffs' expert, Donald Chleborad, admitted that he saw no indication that ComEd had ever docked Bosch's or Murphy's pay; he saw only that the company had paid the plaintiffs more – in some cases substantially more – than they would have received under a straight hourly rate/hours worked multiple. *See* Chleborad Deposition, p. 32. But although §541.118(a) provides that to be salaried, an employee's compensation must not be subject to *reduction* because of variations in quantity of the work performed, additional compensation besides salary is not necessarily inconsistent with the salary basis of payment. *See id.* §541.118(b). The record is clear that after implementing the new compensation policy that plaintiffs challenge in this case, ComEd paid straight-time overtime pay to salaried management employees to compensate them "for time worked beyond their normal basic scheduled work week . . . ." Plaintiffs' Exhibit 9. Such a policy does not defeat exempt status. *See, e.g., Paulitz v. City of Naperville*, 781 F. Supp. 1368, 1371 (N.D. Ill. 1992) (payment of "supervisory overtime" does not destroy exempt status where the purpose of the overtime is to "award salaried employees for commitment to their duties beyond the standard week" and where the amount of the additional compensation is linked "directly to the amount of extra commitment demonstrated by the supervisor"). Although extra compensation may defeat salaried status when an employer uses it to circumvent the regulatory requirements, *see* 29 C.F.R. §541.118(b); *Hilbert v. District of Columbia*, 23 F.3d 429, 432 (D.C. Cir. 1994), there is no evidence to suggest that this was the case here.

In addition to the evidence described above, Thomas Maglio, ComEd's director of compensation and leadership development, testified that Bosch and Murphy were assigned "salary grades," *see* Maglio Deposition, p. 21, and documents submitted by ComEd confirm that

3

this was the case. *See* Defendant's Exhibit 2 (showing that Murphy was a salary grade E2) and Exhibit 9 (showing that Bosch was a salary grade E2). Other documents also indicate that the plaintiffs' were salaried: Bosch's "base pay system review," effective January 3, 2000, shows that the company assigned him a salary band and considered him to be an exempt employee, *see* Defendant's Exhibit 11, and both plaintiffs' pay stubs indicate that they participated in ComEd's "Paid Time Off" or PTO Program, for which only salaried employees were eligible. *See* Defendant's Exhibit 19; Plaintiffs' Exhibit 1(Bosch's pay record), Plaintiffs' Exhibit 2 (Murphy's pay record).

The record is not entirely one-sided on this issue. Plaintiffs' expert testified that the plaintiffs' pay stubs indicated that their earnings varied based upon quantity of work. *See* Chleborad Deposition, pp. 29-30. And he prepared a report concluding that based on one pay stub, the plaintiffs were hourly, not salaried employees. Plaintiffs' Exhibit 11, p.1. But Chleborad's report reflects that in reaching this conclusion, he simply looked at a single pay stub for each plaintiff and then interpreted those isolated pay stubs in a manner that is totally inconsistent with the rest of the record evidence. This is not enough to create an issue of fact for purposes of defeating summary judgment.

In addition to Chleborad's report, plaintiffs offer the testimony of Leroy Barich, who served as ComEd's contract services superintendent. But when asked point blank whether Bosch and Murphy were hourly or salaried employees, all Barich could say was that "[i]t depends on how you call the new policy. They were always on an hourly basis, as far as I know." Barich Deposition, p. 14. This is not enough to create an issue of fact, especially because Barich admitted that he was not a decision-maker regarding the compensation policy the company

4

implemented in January 2000. *See* Barich Deposition, p. 12. In sum, based on the record evidence, no trier of fact reasonably could conclude that Bosch and Murphy were hourly employees. The Court therefore denies plaintiffs' motion for summary judgment.

Having concluded that ComEd has satisfied its burden of establishing that the plaintiffs were salaried employees, we must next consider whether the company can show that they satisfy all of the other requirements of either the administrative or the executive exemption. Under the short test for the administrative exemption, which unquestionably applies here because Bosch and Murphy each earned more than $250 per week, ComEd must show that Bosch's and Murphy's "primary duty consists of either the performance of office or nonmanual work directly related to management policies or general business operations of" ComEd or its customers (the "duties requirement") and that the performance of these duties "includes work requiring the exercise of discretion and independent judgment" (the "responsibilities requirement"). 29 C.F.R. §541.214. Under the short test for the executive exemption, ComEd must show that Bosch's and Murphy's "primary duty consists of the management of the enterprise in which employed or of a customarily recognized department or subdivision thereof and includes the customary and regular direction of the work of two or more other employees therein." 29 C.F.R. §541.119.

Taking the latter first, we find that ComEd has not shown that it is entitled to summary judgment on the executive exemption. Although ComEd argues that Bosch and Murphy customarily and regularly supervised two or more employees, nothing in the record shows that Bosch and Murphy supervised any *ComEd* employees or any employees *within their particular departments*; rather, the record shows that they supervised only contractors and contractors' employees. *See, e.g.,* Bosch Deposition, p. 13 (job was to oversee contractors); Murphy

5

Deposition, p. 128 (job was to be the liaison between the contractors and ComEd). And despite ComEd's arguments, the regulations under the FLSA expressly require that the employees supervised be within the same department or division as the managerial employee. *See* 29 C.F.R. §541.105(b). ComEd correctly notes that the regulations require the employee to supervise "at least two full-time employees or the equivalent," 29 C.F.R. §541.105(a), but contrary to ComEd's argument, the "or the equivalent" language goes to the "full-time" requirement, not to the "within the department" requirement; §541.105(b) states that the "employees supervised must be employed in the department which the 'executive' is managing." Because ComEd has failed to show that Bosch and Murphy were "employed in a bona fide executive . . . capacity," the Court denies ComEd's summary judgment motion with respect to the executive exemption.

Similarly, the Court denies ComEd's motion with respect to the administrative exemption. Although ComEd has introduced evidence suggesting that the plaintiffs' duties satisfy the requirements of this exemption, *see* ComEd's Exhibits 3 & 8, the record also contains evidence to suggest that at a minimum, their duties fail the "responsibilities requirement." For example, the plaintiffs have offered the expert opinion of Donald Chleborad, who concluded, among other things, that plaintiffs did not satisfy the administrative exemption because nothing they did on the job required them to exercise independent judgment and discretion. *See* Plaintiffs' Exhibit 11, pp. 2-5. To reach this conclusion, Chleborad reviewed a number of internal ComEd documents addressing the duties and responsibilities of a ComEd Area Contract Supervisor, as well as a summary prepared by Bosch of what he did on the job, and then assessed whether the duties outlined in those documents involved the exercise of independent judgment and discretion. *See id.*, pp. 1, 2-5. Chleborad's conclusions are consistent with the way in which

Bosch and Murphy described their jobs: both testified that they basically spent their days overseeing contractor projects to make sure everything was going smoothly and that if issues arose, they generally had to turn to their supervisors or other personnel within ComEd for answers and approval. *See, e.g.,* Bosch Deposition, pp. 31, 35, 58-59, 66; Murphy Deposition, pp. 61, 70-71, 78, pp. 134-35. Chleborad's report, coupled with the plaintiffs' testimony, is sufficient to create a genuine issue of fact as to whether Bosch's and Murphy's duties included "work requiring the exercise of discretion and independent judgment" as required under the regulations. *See* 29 C.F.R. §541.214.

There are also issues of fact concerning whether Bosch and Murphy satisfied the "duties requirement" of the administrative exemption. Although there is no question that Bosch and Murphy performed nonmanual work, there is some question as to whether their work was "directly related to [ComEd's] management policies or general business operations" as required under 29 C.F.R. §541.214. This phrase describes those types of activities relating to the administrative operations of a business, as opposed to production. 29 C.F.R. §541.205(a). In addition to describing the types of activities, the phrase "limits the exemption to persons who perform work of substantial importance to the management or operation of the business of his employer or his employer's customers." *Id.* The exemption covers employees who "service" the business by, for example, "advising the management, planning, negotiating, representing the company, purchasing, promoting sales, and business research and control." *Id.* §541.205(b). It covers employees whose work affects policy and whose responsibility it is to execute or carry out company policy; it also covers employees whose work "affects business operations to a substantial degree . . . ." *Id.* §541.205(c).

7

ComEd argues that Bosch and Murphy represented the company on job sites and provided business controls, advised management about the progress of key construction projects, planned the contracted work, and negotiated with contractors over contractual extras and satisfaction with contractual terms. ComEd's Memorandum in Support of its Motion for Summary Judgment, p. 9. These characterizations may be somewhat exaggerated, at least based on how Bosch and Murphy described their duties. It is true that Bosch and Murphy served as the liaison or company representative with respect to ComEd's contractors, Bosch Deposition, pp. 13, 65-66, 69; Murphy Deposition, p. 128, and it is true that they operated somewhat independently, setting their own daily schedules and sometimes shuffling projects as needed to accommodate the company's de-energizing or outage schedule. *See* Bosch Deposition, pp. 39-44, 129; Murphy Deposition, p. 62. Additionally, in one instance, Murphy actually crafted a policy proposal that may or may not have been implemented by the company. Murphy Deposition, pp. 84-85. And as a matter of common sense it would seem that the work the contractors did, which Bosch and Murphy oversaw, was important for the continuation and smooth operation of ComEd's business. But according to their deposition testimony, the plaintiffs did not so much advise management as relay information to management from the contractors and from the contractors' job sites; they did not so much plan projects and negotiate contracts as take the orders from management and engineering and ensure the contractors' compliance with those orders. Bosch Deposition, pp. 48-49, 63, 91, 93; Murphy Deposition, pp. 30-31, 55, 59, 134-35. They did not set safety policies and procedures for the company, but merely ensured that the contractors complied with those policies and procedures. Bosch Deposition, pp. 34, 36; Murphy Deposition, pp. 44-45, 97. And Bosch and Murphy testified that

they had to call their supervisors or engineering before they could make any determination on contractual "extras." Bosch Deposition, p. 58; Murphy Deposition, p. 71. Based on this evidence, ComEd has not established as a matter of law that Bosch and Murphy performed duties that were directly related to management policies or general business operations.

## Conclusion

For the reasons explained above, the Court denies the parties' cross motions for summary judgment [Docket # 5-1 (plaintiffs' motion) and Docket #7-1 (defendant's motion)]. The case is set for trial on August 19, 2002 at 9:45 a.m. and for a status hearing on May 7, 2002 at 9:30 a.m. to determine the anticipated length of trial, set the date for filing the final pretrial order, and discuss the possibility of settlement.

Dated: May 1, 2002

MATTHEW F. KENNELLY
United States District Judge